# Respublica *against* William Duane.

An attachment will issue against a member of congress for a contempt in not attending under a subpœna, if he is not attending congress or going to, or returning from congress.

INDICTMENT for a libel.   *Sur* motion for an attachment against a witness, for not attending the court, in pursuance of a subpœna.

YEATES, J.   This is a motion for an attachment for a contempt, against Joseph Clay, esq. a member of the house of representatives in the congress of the United States.   ·

It is founded on the affidavit of Walter Franklin, esq. who declares, that he obtained a subpœna for Mr. Clay, between 4 and 5 o'clock in the afternoon of yesterday, enjoining him to appear forthwith; that he called on the said Clay, and mentioned to him, that the attorney general had agreed, that his deposition as to the facts within his knowledge, should be read on the trial *of the indictment against William Duane; that he [*348 requested the said Clay to permit him to take his deposition, who absolutely refused to comply with his request; that thereupon he presented the subpœna to the said Joseph Clay, which he read to the best of his belief, and after reading the same returned it, with a declaration that he should not attend; because he conceived it improper to issue a process of the kind against him, as he was privileged from the service of process, in consequence of his being a member of congress.

A witness should be allowed a reasonable time, before his attendance can be required under a subpœna: but I pass over this circumstance, to proceed to the point more immediately to be decided.

The present claim of privilege depends on the 6th section of the constitution of the United States; the words whereof, so far as they respect this matter, are these; " the senators and repre-"sentatives shall in all cases, except treason, felony and breach " of the peace be privileged from arrest, during their attendance " at the session of their respective houses, and in going to or re-"turning from the same."

There is no ambiguity in these expressions: they convey precise and definite ideas.   The privilege secured to the members of congress of both houses, is freedom from arrest.   It cannot be asserted, that the service of a subpœna is in arrest.   It is a mere notice to the party to appear and give testimony.   But it is certain, that unless the court can constitutionally enforce the attendance of a witness under a subpœna, it will be of little avail

[Dawson, for &c. *v.* Tibbs et al.]

to issue that process to a reluctant witness. And this necessarily leads to the inquiry, whether an attachment can issue against a senator or representative in congress, neglecting or refusing to attend, in consequence of a subpœna properly served?

On the most mature reflection, I am of opinion, that the court may either grant or refuse such compulsory process, according to existing circumstances. That the service of an attachment for a contempt includes an arrest, there can be little doubt; and it cannot be said, that such contempt is either treason, felony or breach of the peace: but the privilege is confined to the periods of the members' attendance at the sessions of their respective houses, going to, or returning from the same. If a member should neglect his duty by not attending the session of congress, or should desert it without leave, he is no more entitled to privilege in such instances from arrest, than a mere private citizen. The court however will not presume a dereliction of duty, unless it is established by satisfactory proof: they will construe the privilege liberally, and by no means weigh the absence of a member in scales too nice. Should it appear to them, that he *is on his return to congress, they will at once refuse the attachment.

*349] 

The course thereof which I shall pursue, will be to withhold the attachment, until a proper case is shewn justifying such a measure.

I do not feel it to be incumbent upon me to search for proof, should this business be questioned at a future day.

[See the United States *v.* Cooper. 4 Dall. 341.]

Cited in 85 Pa. 459; 5 W. N. C. 118 in support of the decision that the Governor is exempt from the process of the courts whenever engaged in any duty pertaining to his office, and his immunity extends to his subordinates and agents when acting in their official capacity.